J-A10041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CAITLIN FEENEY CLAFFEY | : | |
| | : | |
| Appellant | : | No. 2142 EDA 2018 |

Appeal from the Judgment of Sentence Entered July 3, 2018
In the Court of Common Pleas of Pike County
Criminal Division at No(s):  CP-52-CR-0000324-2015

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.E.:                    **FILED JUNE 26, 2019**

Appellant, Caitlin Feeney Claffey, appeals from the judgment of sentence entered in the Pike County Court of Common Pleas, following her bench trial convictions for driving under the influence (3rd Offense), and drivers required to be licensed.[1]  We affirm.

In its opinions, the trial court correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them. We add that Appellant timely filed a notice of appeal on July 25, 2018, and the court ordered Appellant on July 31, 2018, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issue for our review:

    DID THE SUPPRESSION COURT ERR IN DETERMINING THAT

_____

[1] 75 Pa.C.S.A. §§ 3802(a)(2), 1501(a), respectively.

THE TROOPER HAD REASONABLE SUSPICION TO STOP THE BLACK JEEP CHEROKEE WHERE THE TROOPER HAD RESPONDED TO A CALL ABOUT A DOMESTIC DISTURBANCE, OBSERVED SCRATCHES TO A MALE'S NECK WHO ANSWERED THE DOOR OF THE HOME BUT RECEIVED NO EXPLANATION AS TO HOW THE SCRATCHES GOT THERE, AND WAS THEN INFORMED THAT THE MALE'S GIRLFRIEND HAD LEFT IN A BLACK JEEP CHEROKEE?

(Appellant's Brief at 6).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the Honorable Raymond L. Hamill and the Honorable Gregory H. Chelak, we conclude Appellant's issue merits no relief. The trial court opinions comprehensively discuss and properly dispose of the question presented. (**See** Trial Court Rule 1925(a) Opinion, filed September 18, 2018, at 3-5 unpaginated) (**See** Suppression Court Opinion, filed May 16, 2016, at 3-5 unpaginated) (finding: Trooper O'Malley possessed sufficient reasonable suspicion to conduct brief, investigative stop of Appellant's vehicle under totality of circumstances; Trooper O'Malley responded to domestic disturbance call and observed male resident with scratches on neck and face; resident informed trooper that Appellant had left home in black Jeep Cherokee; Trooper O'Malley reasonably searched for vehicle in furtherance of investigation; Trooper O'Malley identified Jeep Cherokee and made contact with Appellant; Trooper O'Malley observed Appellant displaying signs of intoxication, including slurred speech and glassy, bloodshot eyes; Trooper O'Malley possessed reasonable suspicion to conduct brief investigative stop of Appellant). The record supports the trial court's

rationale. Accordingly, we affirm on the basis of the trial court opinions.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/19

**IN THE COURT OF COMMON PLEAS OF**
**PIKE COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

COMMONWEALTH OF　　　　　　　　　:
PENNSYLVANIA　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
vs.　　　　　　　　　　　　　　　　　　　: **No. 324-2015 CRIMINAL**
　　　　　　　　　　　　　　　　　　　　　:
CAITLIN CLAFFEY,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　Defendant/Appellant.　　　　　　　:

---

## OPINION SUBMITTED PURSUANT TO PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925

AND NOW, this ___ day of September, 2018, after careful review of the record, this Court continues to stand by its decision and respectfully requests the Superior Court to uphold its Order dated July 3, 2018. This Court also adds, pursuant to Pennsylvania Rule of Appellate Procedure 1925, the following:

### I.　　FACTUAL AND PROCEDURAL HISTORY

On December 30, 2014, Trooper Bernard O'Malley of the Pennsylvania State Police ("PSP"), Blooming Grove Barracks, was on duty in a marked patrol vehicle. At approximately 4:00 a.m. on that date, Trooper O'Malley came into contact with the Defendant, Caitlin Claffey. Trooper O'Malley had been dispatched to a residence in the Saw Creek Estates development in Lehman Township, Pike County, for report of a domestic disturbance.

Upon arriving at the aforementioned residence, Trooper O'Malley made initial contact with Mr. Spinner, one of the residents. Mr. Spinner advised that the Defendant had left the residence prior to his arrival and had her son with her. At that time, Mr. Spinner presented with scratches on his face and neck. Mr. Spinner told the Officer that the

Defendant was driving a black jeep Cherokee. Trooper O'Malley left the residence to look for the Defendant and her vehicle. Approximately one-half (1/2) mile away, Trooper O'Malley noticed a black Jeep Cherokee coming towards his vehicle in the opposite direction. Trooper O'Malley turned his vehicle around and ran the vehicle's plate number. The plate numbers came back as the Defendant's vehicle and thereafter effectuated a stop of the Defendant's vehicle.

Upon approaching the Defendant's vehicle and making contact with the Defendant, Trooper O'Malley observed a strong odor of alcohol about the Defendant, had slurred speech, glassy and bloodshot eyes, and that Defendant was quite emotional. Based on these observations, Trooper O'Malley had the Defendant perform some field sobriety tests, which she failed with poor performance. The Defendant was not able to follow the Officer's instructions in performing the field sobriety tests. At that point, Trooper O'Malley placed the Defendant under arrest for Driving Under the Influence as being incapable of safe driving. The Defendant's son was not in the vehicle with her at the time.

On November 30, 2015, Defendant filed her Omnibus Pre-Trial Motion and requested that this Court suppress the police stop of the Defendant's vehicle and the resulting evidence therefrom obtained. A hearing on Defendant's Omnibus Pre-Trial Motion was held on March 1, 2016. This Court denied Defendant's Omnibus Pre-Trial Motion on May 16, 2016.

A non-jury trial was held on May 2, 2018, and Defendant was found guilty of Driving Under the Influence (3rd Offense) and Drivers Required to be Licensed. Defendant was sentenced on July 3, 2018, to the mandatory minimum period of incarceration of five (5) days to six (6) months.

Appellant filed her Concise Statement of Matters Complained of on Appeal on August 21, 2018. Appellant raises one issue on appeal, and argues that the Suppression Court erred by finding that the trooper possessed probable cause or reasonable suspicion to suspect that the individual driving the jeep committed a crime at the time of the seizure of the jeep.

## II.     DISCUSSION

The appellate standard of review of suppression rulings is well settled. *Commonwealth v. Millner*, 888 A.2d 680 (Pa. 2005). The appellate court is bound by the suppression court's factual findings which are supported in the record but is not bound by the suppression court's conclusions of law. *Id.* at 685 citing *Commonwealth v. Templin*, 795 A.2d 959, 961 (Pa. 2002). When the suppression court's specific factual findings are unannounced, or there is a gap in the findings, the appellate court should consider only the evidence of the prevailing suppression party and the evidence of the other party that, when read in the context of the entire record, remains uncontradicted. *Id.*, see also *Commonwealth v. Mendenhall*, 715 A.2d 1117 (Pa. 1998).

The Pennsylvania Supreme Court has recognized three (3) levels of interaction between the police and the public. *Commonwealth v. Johonoson*, 844 A.2d 556 (Pa. Super. 2004). The Superior Court in *Johonoson* cited the Supreme Court as follows: "This Court has noted that there are three basic categories of interactions between citizens and the police. The first category, a mere encounter or request for information, does not need to be supported by any level of suspicion, and does not carry any official compulsion to stop or respond. The second category, an investigative detention, derives from *Terry v. Ohio* and its progeny; such a detention is lawful if supported by reasonable suspicion because,

although it subjects a subject to a stop and a period of detention, it does not involve such coercive conditions as to constitute the functional equivalent of an arrest. The final category, the arrest or custodial detention, must be supported by probable cause." *Id.*, 844 A.2d at 561-561, citing *Commonwealth v. Smith*, 836 A.2d 5, 10 (Pa. 2003).

The Omnibus hearing record and this Court's Order dated May 16, 2016 clearly demonstrate the facts which supported denial of the suppression motion. Trooper O'Malley testified that he initially responded to a domestic disturbance in the Saw Creek Development. He testified that upon arrival at the home, he observed a male resident with scratches on his face and neck. The male resident told Trooper O'Malley that the Defendant had left the home in a black Jeep Cherokee. Trooper O'Malley then testified that he was escorted by Saw Creek Public Safety and eventually located the black Jeep Cherokee and the Defendant. Trooper O'Malley made contact with the Defendant and testified that he observed signs of intoxication, including slurred speech and glassy and bloodshot eyes.

Based on this testimony, this Court concluded that Trooper O'Malley's stop of the Defendant constituted an investigative detention. As noted by our Superior Court in *Commonwealth v. Carter*, a brief investigative stop is permitted "when a law enforcement officer has a particularized and objective basis for suspecting the particular person stopped of criminal activity." 105 A.3d 765, 768 (Pa. Super. 2014). When making a suppression determination, the trial court must consider the totality of the circumstances known to the officer. *Id.* In our Order which denied suppression, we stated:

"While it was not reported as to how Mr. Spinner incurred his injuries, the officer had been responding to a report of a domestic disturbance and had been advised that the Defendant had just left the residence in her vehicle. Mr. Spinner advised

Trooper O'Malley that the Defendant was driving a black Jeep Cherokee. Trooper O'Malley then left the residence to look for the Defendant's vehicle. In this situation, it is understandable and prudent for the officer to seek out the Defendant who was reported to be involved in the domestic disturbance, potentially as a perpetrator and/or victim of domestic violence."

*Suppression Court Order dated May 16, 2016.*

Therefore, we found that Trooper O'Malley possessed sufficient reasonable suspicion to conduct a brief, investigative stop of the Defendant's vehicle when he noticed the Black Jeep Cherokee and confirmed its identity. This Court entered a detailed Order which clearly explained its decision to deny suppression and clearly outlined its factual findings which were supported in the hearing record.

## III. CONCLUSION

Following an extensive review of the record and Appellant's Concise Statement of Matters Complained of on Appeal, this Court continues to stand by its decisions in this case. It is respectfully requested that the Superior Court affirm this Court's Order dated July 3, 2018.

BY THE COURT:

HON. RAYMOND L. HAMILL, S.J.
SPECIALLY PRESIDING

cc: Pike County District Attorney's Office
Brandon R. Reish, Esq., Attorney for Defendant
Court Administration, JLS

IN THE COURT OF COMMON PLEAS OF PIKE COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA　　　　　:

　　　　　　　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　　:

　　　　　　vs.　　　　　　　　　　　　:　　2015
　　　　　　　　　　　　　　　　　　　: No. 324 – 2014 – CR

CAITLIN CLAFFEY,　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　　:

　　　　　　Defendant　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　　:

---

### ORDER

AND NOW, this 16th day of May, 2016, upon consideration of the Defendant's

Nunc Pro Tunc Omnibus Pre-Trial Motion, the Defendant's Brief in Support thereof, the

Commonwealth's Post-Hearing Memorandum of Law and after hearing held on the

Defendant's Motion, it is hereby ORDERED that the Defendant's Nunc Pro Tunc

Omnibus Pre-trial Motion is DENIED.

On November 30, 2015, the Defendant filed her Nunc Pro Tunc Omnibus Pre-

Trial Motion seeking to suppress the stop of the Defendant's vehicle as an unlawful

investigatory stop and to then suppress all evidence obtained as a result of that stop. A

hearing was held on the Defendant's Motion on March 1, 2016. The parties thereafter

filed post-hearing briefs. The Defendant's Omnibus Pre-Trial Motion is now ripe for

disposition.

The relevant facts for purposes of determining the Defendant's Omnibus Pre-

Trial Motion are as follows. On December 30, 2014, Trooper Bernard O'Malley of the

16

Pennsylvania State Police ("PSP"), Blooming Grove Barracks was on duty in a marked patrol vehicle. At approximately 4:00 a.m. on that date, Trooper O'Malley came into contact with the Defendant, Caitlin Claffey. Trooper O'Malley had been dispatched to a residence in the Saw Creek Estates development in Lehman Township, Pike County for report of a domestic disturbance.

Upon arriving at the aforementioned residence, Trooper O'Malley made initial contact with Mr. Spinner, one of the residents. Mr. Spinner advised the officer that the Defendant had left the residence prior to his arrival and had her son with her. At that time, Mr. Spinner presented with scratches on his neck and face. Mr. Spinner told the Officer that the Defendant was driving a black Jeep Cherokee. Trooper O'Malley then left the residence to look for the Defendant and her vehicle. Approximately one-half (1/2) mile away, Trooper O'Malley noticed a black Jeep Cherokee coming toward his vehicle in the opposite direction. Trooper O'Malley turned his vehicle around, ran the vehicle's plate numbers which came back as the Defendant's vehicle and thereafter effectuated a stop of the Defendant's vehicle.

Upon approaching the Defendant's vehicle and making contact with the Defendant, Trooper O'Malley observed a strong odor of alcohol about the Defendant, that Defendant was quite emotional, had slurred speech and glassy and bloodshot eyes. Based on these observations, Trooper O'Malley had the Defendant perform some field sobriety tests which she failed with poor performance. The Defendant was not able to follow the Officer's instructions in performing the field sobriety tests. At that point,

Trooper O'Malley placed the Defendant under arrest for Driving Under the Influence as being incapable of safe driving. The Defendant's son was not in the vehicle with her at that time.

This Court notes that our Supreme Court has previously recognized three (3) levels of interaction between the police and public. *Commonwealth v. Johonoson*, 844 A. 2d 556 (Pa. Super. 2004). The Superior Court in *Johonoson* cited the Supreme Court as follows: "This Court has noted that there are three basic categories of interactions between citizens and the police. The first category, a mere encounter or request for information, does not need to be supported by any level of suspicion, and does not carry any official compulsion to stop or respond. The second category, an investigative detention, derives from *Terry v. Ohio* and its progeny; such a detention is lawful if supported by reasonable suspicion because, although it subjects a suspect to a stop and a period of detention, it does not involve such coercive conditions as to constitute the functional equivalent of an arrest. The final category, the arrest or custodial detention, must be supported by probable cause." *Id.*, 844 A. 2d at 561-562, citing *Commonwealth v. Smith*, 575 Pa. 203, 836 A. 2d 5, 10 (2003).

The Court determines that the second category, an investigative detention, is applicable to the facts of this case. Our Superior Court has noted that "[t]he Fourth Amendment permits brief investigative stops ... when a law enforcement officer has a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Commonwealth v. Carter*, 2014 PA Super 265, 105 A. 3d 765, 768

(2014), citing *Navarette v. California*, 134 S. Ct. 1683, 1687, 188 L. Ed. 2d 680 (2014). In making a suppression determination, the trial court must consider the totality of circumstances known to the officer in question. *Id.*

We conclude that Trooper O'Malley possessed specific and articulable facts to conduct an investigative stop of the Defendant's vehicle. Trooper O'Malley had responded to the dispatch of a domestic disturbance in Saw Creek and upon arriving at the subject residence was met by a male resident, Mr. Spinner who had scratches on his face and neck. While it was not reported as to how Mr. Spinner incurred his injuries, the officer had been responding to a report of a domestic disturbance and had been advised that the Defendant had just left the residence in her vehicle. Mr. Spinner advised Trooper O'Malley that the Defendant was driving a black Jeep Cherokee. Trooper O'Malley then left the residence to look for the Defendant's vehicle. In this situation, it is understandable and prudent for the officer to seek out the Defendant who was reported to be involved in the domestic disturbance, potentially as a perpetrator and/or victim of domestic violence.

The officer shortly thereafter located the Defendant's black Jeep Cherokee driving toward his vehicle in the opposing lane of traffic. Trooper O'Malley observed the Defendant's black Jeep Cherokee approximately one-half (1/2) mile from the subject residence. Upon making the investigative stop, Trooper O'Malley made prompt observations of the Defendant's person including a strong odor of alcohol, slurred speech, glassy and bloodshot eyes and the emotional nature of the Defendant.

Based on the testimony and evidence presented at the omnibus pre-trial hearing, the Court finds that Trooper O'Malley possessed sufficient reasonable suspicion to conduct a brief, investigative stop of the Defendant's vehicle when he noticed the black Jeep Cherokee and confirmed its identity.  Accordingly, the Defendant's pre-trial motion to suppress the officer's stop of the Defendant's vehicle and the resulting evidence therefrom obtained is DENIED.

BY THE COURT:

HON. GREGORY H. CHELAK,          J.

c- Pike County District Attorney
Brandon Reish, Esquire
Court Administrator

OFFICE OF
PROTHONOTARY
CLERK OF COURTS
2016 MAY 16 PM 3:36
ENTERED FOR RECORD
PIKE COUNTY. PA